**RM | RATHOD | MOHAMEDBHAI LLC**
ATTORNEYS AT LAW

---

July 14, 2023

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

     Re:    *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434

Dear Mr. Wolpert:

     Pursuant to Rule 28(j), I write to alert the Court to *Dodge v. Padilla and Adams Cty. Sheriff*, ___ P.3d ___, 2023 COA 67.

     In *Dodge*, the Colorado Court of Appeals rejected a county's attempt to dismiss a plaintiff's official-capacity claim against the sheriff, which it construed as a claim against the sheriff's office.

     First, after reviewing the relevant Colorado constitutional and statutory provisions, the *Dodge* Court concluded that a Colorado sheriff's office is "unquestionably" an agency or division "within . . . the county." *Id.* at ¶ 17. *Dodge* thus contradicts Defendants' assertions that the sheriff's office is separate from the county, Defs' Opening Br. 27-29 & 36-37, and provides further support for Plaintiffs' arguments that the sheriff's office is part of the county, and that sheriffs are county policymakers and actors, Pls' Response Br. 46-51 & 60-61.

     Second, *Dodge* squarely rejected the argument that "a 'sheriff's office' is not an entity that is capable of suing or being sued." 2023 COA 67, ¶ 25. The Court specifically noted that "[w]hether captioned as a suit against the 'sheriff's office' or an official capacity suit, sheriffs' offices have been sued in the labor and employment context." *Id. Dodge* makes clear that a sheriff's office is a government entity that can be sued under Colorado law, and

Re: *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434
July 14, 2023
Page 2

thus supports Plaintiffs' argument for affirmance on the alternative grounds that the sheriff's office is a proper municipal defendant for Plaintiffs' official-capacity claims. Pls' Response Br. 53-54.

Third, the Court held that Colo. Rev. Stat. § 30-25-104 requires Adams County to pay "any money judgment" against the sheriff in his official capacity. 2023 COA 67, ¶ 31. *Dodge* makes clear that any judgment in this case would be paid by the county—not the state—and consequently that the most important *Steadfast* factor weighs against Defendants' claim to Eleventh Amendment immunity. *See* Pls' Response Br. 64-65.

Finally, the *Dodge* Court approvingly cited the district court's decision in this case, noting the "similar[ity] to the position the county attorney has taken in this litigation." 2023 COA 67, ¶ 28 n.5.

                                                Respectfully submitted,

                                                */s/ Felipe Bohnet-Gomez*
                                                Felipe Bohnet-Gomez
                                                Rathod | Mohamedbhai LLC
                                                2701 Lawrence Street, Suite 100
                                                Denver, Colorado 80205
                                                fbg@rmlawyers.com

                                                Counsel for Plaintiffs-Appellees

## Certificate of Compliance

I certify that the body of this letter contains 345 words and, therefore, complies with the type-volume limitations stated in Fed. R. App. P. 28(j).

                                                */s/ Felipe Bohnet-Gomez*
                                                Felipe Bohnet-Gomez