# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| Timothy James Coates, et al., | |
|     Plaintiffs-Appellees and Cross-Appellants, | Case Nos. 22-1339, 22-1434 |
| v. | District of Colorado No. 20-cv-1936-STV |
| Richard A. Reigenborn, *in his individual capacity*, | |
| and | |
| Gene Claps, *in his official capacity as Adams County Sheriff*, | |
|     Defendants-Appellants and Cross-Appellees. | |

**Plaintiffs-Appellees' Motion for Sanctions**

Pursuant to Federal Rule Appellate Procedure 38, Plaintiffs-Appellees respectfully request that this Court determine that Defendants' appeal is frivolous and award Plaintiffs attorney's fees and double costs. Defendants oppose the relief sought in this motion.

## INTRODUCTION

On September 28, 2022, the district court denied summary judgment on Plaintiffs' official-capacity *Monell* claims stemming from their unlawful termination. Under well settled and unambiguous precedent, the district court's decision was not a final, immediately appealable order. To appeal, Defendants were required to wait until after a trial on the merits, which was set for April 10, 2023. Instead, on October 6, 2022, Defendants initiated this appeal—and they did so based on obviously wrong and wholly meritless jurisdictional arguments. By taking their obviously improper interlocutory appeal, Defendants have delayed the trial of this case by at least a year, if not more, and have injected significant (and completely unnecessary) complexity and expense into the litigation. Additionally, Defendants have signaled their intent to take a second interlocutory appeal, in the event the case is remanded to the district court. Sanctions are appropriate to deter this kind of abusive conduct, which serves only to delay resolution of the litigation.

Therefore, pursuant to Federal Rule of Appellate Procedure 38, Plaintiffs-Appellees respectfully request that this Court determine that

Defendants' appeal is frivolous and award Plaintiffs attorney's fees and double costs.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 38 authorizes this Court to award damages and costs if "an appeal is frivolous or brought for purposes of delay." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1983). An appeal is "frivolous" when "the result is obvious" or the arguments presented "are wholly without merit." *Id.* (internal quotation marks omitted).

The purpose of sanctions under Rule 38 is "to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 7 (1987). An award of sanctions "also helps deter frivolous appeals." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1922 (2023).

## ARGUMENT

Because "the appellant . . . bears the burden of establishing [this Court's] appellate jurisdiction," *Est. of Ceballos v. Husk*, 919 F.3d 1204, 1223 (10th Cir. 2019), an appeal is frivolous if the appellant's jurisdictional arguments are obviously wrong or wholly meritless, *see Underwood v. Bank*

3

*of Am., Corp.*, 996 F.3d 1038, 1049 n.8 (10th Cir. 2021) (denying to award sanctions where the appellant's "arguments on interlocutory appellate jurisdiction" were not frivolous); s*ee also* Robert J. Martineau, *Frivolous Appeals: The Uncertain Federal Response*, 1984 DUKE L.J. 845, 850 ("One indicator [of frivolity] is the court's lack of jurisdiction over the appeal."). That is the case here. Both of Defendants' jurisdictional arguments—that the district court's order is a denial of qualified immunity, and that it is a denial of Eleventh Amendment immunity—are obviously meritless and therefore frivolous.[1]

## I.     Because the lack of appellate jurisdiction is obvious, Defendants' appeal is frivolous.

Defendants have asserted jurisdiction under the collateral order doctrine under two theories—that the district court's order is a denial of qualified immunity, and that it is a denial of Eleventh Amendment immunity. Appellant's Opening Br. at 3-5. But, as shown in Plaintiff's briefing, these two bases for appellate jurisdiction are obviously foreclosed by binding precedent.

---

[1] Although Plaintiffs focus here on Defendants' jurisdictional arguments, Defendants' merits arguments hardly fare better. They, too, are wholly without merit.

To begin with, the district court's decision obviously *granted* qualified immunity on Plaintiffs' individual-capacity claims. Defendants appealed only the district court's denial of summary judgment on Plaintiffs' official-capacity claims against the sheriff—and in particular, the decision that the sheriff was a final policymaker for Adams County for purposes of establishing *Monell* liability. But in *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 43 (1995), the Supreme Court squarely held that this kind of decision denying summary judgment on a *Monell* claim was not immediately appealable under the collateral order doctrine. Under *Swint*, it is obvious that this Court lacks appellate jurisdiction over Defendants' appeal of the denial of summary judgment on the official-capacity claims.

Undeterred, Defendants persisted in claiming that the denial of summary judgment on Plaintiffs' official-capacity claims was a denial of qualified immunity for purposes of the collateral order doctrine. But at every turn Defendants flouted or ignored the "well-settled precedent" that "an official-capacity defendant—who is not entitled to rely upon qualified immunity—cannot pursue an interlocutory appeal as a matter of right, because he cannot invoke the collateral order doctrine." *Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015) (citation omitted). And Defendants did not

5

only ignore binding precedent—they also ignored the fact that they had waived any qualified immunity argument with respect to the official-capacity claims, because they explicitly sought qualified immunity only with respect to the individual-capacity claims. I:175, ¶ 5; II:82-85. Since they never invoked—let alone argued—qualified immunity before the district court with respect to the official-capacity claims, under this Court's precedent it should have been "clear" (*i.e.*, obvious) to Defendants that there is no appellate jurisdiction. *Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018).

In a last-ditch effort to create interlocutory appellate jurisdiction, Defendants invoked Eleventh Amendment immunity for the first time in their opening brief. Defs.' Opening Br. 40-44. Tellingly, however, Defendants made no mention of this supposed jurisdictional basis in their response to Plaintiffs' motion to dismiss for lack of jurisdiction. Instead, they appear to have come up with the idea only after the motion to dismiss was fully briefed.

Under these circumstances, it is unsurprising that Defendants made no attempt whatsoever to "establish that the district court's order [] conclusively determined the disputed question." *Arbogast v. Kansas*, 789

F.3d 1174, 1179-80 (10th Cir. 2015). They obviously could not do so, since the district court's summary judgment order did not determine anything about Eleventh Amendment immunity at all. And Defendants did not cite a single precedent that would support the immediate appeal of an interlocutory order based on an immunity argument that was never presented, considered, or decided by the district court. To the contrary, this Court has held that there is no appellate jurisdiction under these circumstances because "there is no decision denying [] immunity. . . to review" on appeal. *Montoya*, 898 F.3d at 1064. Moreover, Defendant's argument that the sheriff is an arm of the state, and thus not a county policymaker, is substantively the same argument the Supreme Court held in *Swint* was a "not . . . an immunity from suit" but a "mere defense to liability" that could "be reviewed effectively on appeal from final judgment." 514 U.S. at 43.

When confronted with the obvious lack of merit of their jurisdictional arguments, Defendants had little to say. Defs.' Answer-Reply Br. at 3-5. They dismissed two of the precedents cited by Plaintiffs as applying only to a "standard" or "ordinary" case, ignored the rest (most conspicuously *Cox*), and claimed that the jurisdictional question was governed by *Lewis v.*

7

*Clarke*, 581 U.S. 155 (2017)—a decision that did not address appellate jurisdiction at all. *Id.*

Under well-defined, existing law, there was no confusion or ambiguity regarding whether the district court's denial of summary judgment on Plaintiffs' *Monell* claims decision was a final, appealable order. It obviously was not, and Defendants' decision to immediately appeal it was therefore "so clearly futile" and meritless as to be frivolous under Rule 38. *McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016) (granting Rule 38 sanctions for an interlocutory appeal of a *Monell* claim); *Howlett v. City of Warren*, 854 F. App'x 722, 724 (6th Cir. 2021) (same).

II.     **Sanctions are particularly appropriate in the context of this case.**

Sanctions are appropriate in this case for multiple reasons.

First, Defendants were on notice of their appeal's frivolity from the start and had ample opportunity to withdraw their appeal. *See Mesa Underwriters Specialty Ins. Co. v. Heskett*, No. 22-1116, 2022 U.S. App. LEXIS 35207, at *12 (10th Cir. Dec. 20, 2022) (noting that appellee's counsel had previously raised "the lack of any factual or legal basis for the appeal and its intent to seek attorney fees"). On October 6, 2022—the same day the county's notice of appeal was filed—undersigned counsel notified the

8

county's counsel that "the district court's order identified in the notice of appeal is not a final order," that "there does not appear to be any recognized basis for appellate jurisdiction," and that "[g]iven the lack of any non-frivolous basis to appeal the district court's order on an interlocutory basis, . . . Plaintiff-Appellees intend to seek the fees and costs associated with responding to the notice of appeal under Fed. R. App. P. 38." Exhibit A, Oct. 6, 2022 email correspondence. And not only did Defendants continue to pursue their appeal even after Plaintiffs' motion to dismiss was briefed—they tacked on an additional, equally meritless jurisdictional argument by invoking Eleventh Amendment immunity for the first time, after several years of litigating the case.

    The interlocutory nature of Defendants' appeal also exacerbates the harm to Plaintiffs by further delaying trial in this already protracted litigation. As legal scholars have persuasively argued, sanctions are particularly appropriate for improper qualified-immunity appeals because of their propensity to "delay proceedings and add unnecessary complexity and expense to litigation." Bryan Lammon, *Sanctioning Qualified-Immunity Appeals*, 2021 U. ILL. L. REV. ONLINE 130, 131. And when an appeal is dismissed on jurisdictional grounds "it puts the parties right back where

9

they were . . . with nothing to show for all the time spent on appeal." *Id.* at 138. For Defendants, however, this delay is an end in itself. "Delay benefits defendants in these cases. And defendants can use these appeals to wear down plaintiffs." *Id.*

Finally, sanctions are necessary to deter Defendants from further frivolous appeals in this case. In particular, in a January 3, 2023, hearing before the district court, Defendants' counsel has made clear that, upon remand, Defendants intend to seek leave for a second summary judgment motion (in contravention of the Federal Rules and the district court's practice standards) in order to raise their (clearly meritless) Eleventh Amendment immunity argument before the district court for the first time, and then appeal the denial. Any such appeal would be frivolous for the additional reason that the denial of leave to file a second motion for summary judgment is a discretionary procedural decision that does not "by itself satisfy the elements of the collateral order doctrine." *Powell v. Miller*, 849 F.3d 1286, 1288 (10th Cir. 2017) (holding that a denial of a motion for reconsideration is not immediately appealable). Yet Defendants appear set on exhausting every conceivable appeal—no matter how

obviously meritless—in order to further delay the trial of Plaintiffs' claims on the merits.

## CONCLUSION

Because Defendant's jurisdictional arguments are obviously wrong and "wholly without merit," *Braley*, 832 F.2d at 1510, this Court should find that Defendant's appeal is frivolous and, pursuant to Rule 38, remand to the district court to determine the appropriate size of the monetary award, including reasonable attorney's fees and double costs, *see Collins v. Diversified Consultants Inc.*, 754 F. App'x 714, 722 (10th Cir. 2018) (granting motion for sanctions and remanding "to the district court to make the required factual findings and to determine the amount of attorney fees and costs to be awarded").

Respectfully submitted,

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
fbg@rmlawyers.com

Counsel for Plaintiffs-Appellees

## Certificate of Compliance

As required by Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion is proportionally spaced and contains 1,903 words. I relied on my word processor to obtain the count, and this information is true and correct to the best of my knowledge.

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez