**Felipe Bohnet-Gomez**

| | |
|---|---|
| **From:** | Felipe Bohnet-Gomez |
| **Sent:** | Thursday, October 6, 2022 4:42 PM |
| **To:** | Heidi M. Miller; Kasandra Carleton; Michael Sink |
| **Cc:** | Iris Halpern; Siddhartha H. Rathod; Kelly Vis |
| **Subject:** | RE: Coates et al. v. Reigenborn |

Heidi,

Thank you for your email. We are also now in receipt of the notice of appeal. Given that the portion of the district court's order identified in the notice of appeal is not a final order with respect to Reigenborn in his official capacity, there does not appear to be any recognized basis for appellate jurisdiction. Additionally, the notice of appeal also states that the appeal is brought on behalf of Reigenborn in his individual capacity, even though the district court granted him summary judgment in his individual capacity. As such, there does not appear to be a proper jurisdictional basis to bring an individual-capacity appeal either. Please provide your position on a motion to dismiss the appeal for lack of appellate jurisdiction.

Given the lack of any non-frivolous basis to appeal the district court's order on an interlocutory basis, please be advised that Plaintiff-Appellees intend to seek the fees and costs associated with responding to the notice of appeal under Fed. R. App. P. 38, and any other relief they may be entitled to.

Best,
Felipe

Felipe Bohnet-Gomez
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)
fbg@rmlawyers.com / rmlawyers.com

---

**From:** Heidi M. Miller <HMiller@adcogov.org>
**Sent:** Thursday, October 6, 2022 11:59 AM
**To:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>; Kasandra Carleton <KCarleton@adcogov.org>; Michael Sink <MSink@adcogov.org>
**Cc:** Iris Halpern <ih@rmlawyers.com>; Siddhartha H. Rathod <sr@rmlawyers.com>; Kelly Vis <KVis@adcogov.org>
**Subject:** RE: Coates et al. v. Reigenborn

Good morning.  I apologize for the delay in responding.  We will object to the amendment to add a claim at this late stage of the proceedings.

We have been looking at our options and next steps and do not believe that mediation would be helpful at this time.  As we have discussed in the past, the legal issues involved are complex and important and we don't see settlement likely until those issues are fully resolved (meaning all appeals have been exhausted).  The Sheriff in his official capacity plans to appeal the denial of summary judgment.



**Heidi M. Miller**
County Attorney, *County Attorney's Office*
ADAMS COUNTY, COLORADO
4430 S. Adams County Parkway, Suite C5000B
Brighton, CO 80601
Office: 720.523.6329 | Direct: 720.523.6329
hmiller@adcogov.org  www.adcogov.org

---

**From:** Felipe Bohnet-Gomez <fbg@rmlawyers.com>
**Sent:** Wednesday, September 28, 2022 1:20 PM
**To:** Heidi M. Miller <HMiller@adcogov.org>; Kasandra Carleton <KCarleton@adcogov.org>; Michael Sink <MSink@adcogov.org>
**Cc:** Iris Halpern <ih@rmlawyers.com>; Siddhartha H. Rathod <sr@rmlawyers.com>
**Subject:** Coates et al. v. Reigenborn

Please be cautious: This email was sent from outside Adams County

Good afternoon Heidi,

I wanted to raise two issues with respect to the summary judgment order issued by the Court in this matter earlier today.

First, with respect to the Plaintiffs' due process claims, the Court (at p. 30 of the Order) invited Plaintiffs to file a motion to amend the pleadings to add a Breach of Implied Contract claim regarding the due process rights set forth in CRS § 30-10-506. We intend to pursue such amendment. Our position is that the breach of implied contract claim is substantially the same as the due process claim in terms of the relevant evidence, and in any case Defendants have been on notice since the beginning of the case that Plaintiffs were pursuing claims based on CRS § 30-10-506. As such, there is no prejudice to amending the pleadings. Would you consent to such an amendment under Rule 15(a)(2)? If not, please let us know your position on a motion to amend the pleadings to add a Breach of Implied Contract claim.

Second, given the Court's order, the case is now certain to proceed to trial with respect to all four Plaintiffs. I recall that earlier in the course of this litigation we've had discussions about how it was necessary for your clients to have the Court's ruling on the summary judgment issues, and have also discussed the various possible issues that could arise if (as seems more likely than not) Plaintiff Claps will be elected sheriff and at some point substituted as the Defendant in this case. So, given the court's resolution of the summary judgment motions, we'd like to revisit our prior settlement discussions and see if you and your clients were interested in pursuing a mediation to resolve this case before either side needs to start preparing for trial.

Best,
Felipe

Felipe Bohnet-Gomez
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)
fbg@rmlawyers.com / rmlawyers.com