**RM** | **RATHOD | MOHAMEDBHAI LLC**
ATTORNEYS AT LAW

August 23, 2023

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

     Re:    *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434

Dear Mr. Wolpert:

     Pursuant to Federal Rule of Appellate Procedure 28(j), I am writing to alert the Court to *Sturdivant v. Fine*, 22 F.4th 930 (10th Cir. 2022).

     In *Sturdivant*, this Court held that it "lack[s] jurisdiction" under the collateral order doctrine "to address whether [a plaintiff] can use § 1983 as a statutory vehicle to obtain a remedy." *Id.* at 935-936. The Court explained that "in [an] interlocutory appeal" from the denial of summary judgment "we have jurisdiction only to consider the district court's denial of qualified immunity. And a challenge to the elements of § 1983 does not involve qualified immunity." *Id.* at 935 (citation omitted). The Court therefore concluded that it lacked jurisdiction to consider the argument that the defendant-appellant "did not act under color of state law," because "action under color of state law is an element of § 1983, not the Fourteenth Amendment's Equal Protection Clause," which was the underlying substantive federal right at issue. *Id.*

     *Sturdivant* thus makes clear that this Court's collateral-order jurisdiction under *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), is "limited to qualified immunity, which focuses on whether [the defendant] violated [the substantive federal right at issue]." 22 F.4th at 935. Interlocutory challenges to "whether [a plaintiff] can use § 1983 as a statutory vehicle" do

Re: *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434
August 23, 2023
Page 2

not address qualified immunity and therefore "fall[] outside [this Court's] jurisdiction." *Id.* at 935-936.

Under *Sturdivant*, Defendants' principal merits argument, that "*Monell* is not available" to Plaintiffs, Defs.' Opening Br. 21-40, plainly falls outside the parameters of this Court's collateral-order jurisdiction. Defendants challenge solely whether Plaintiffs "can use § 1983 as a statutory vehicle to obtain a remedy" against the county. *Sturdivant*, 22 F.4th at 935-936. Defendants' arguments on appeal do not address the elements of Plaintiffs' First Amendment right, or whether it was clearly established. Thus, as in *Sturdivant*, Defendants' appeal "does not involve qualified immunity" and "falls outside [this Court's] jurisdiction." *Id.* 935, 936. It should be dismissed for lack of jurisdiction. *See* Pls.' Response Br. 23-26.

Respectfully submitted,

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
fbg@rmlawyers.com

Counsel for Plaintiffs-Appellees

**Certificate of Compliance**

I certify that the body of this letter contains 335 words and, therefore, complies with the type-volume limitations stated in Fed. R. App. P. 28(j).

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez