**County Attorney's Office**
4430 S. Adams County Pkwy.
Brighton, CO 80601-8206
PHONE 720.523.6116 | FAX 720.523.6114
adcogov.org

August 24, 2023

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, CO 80257

Re:    *Coates, et al. v. Reigenborn*, Nos. 22-1339 & 22-1434

Dear Mr. Wolpert:

Pursuant to Rule 28(j), I write to inform the Court of two pertinent decisions, *Milligan-Hitt v. Bd. of Trs. of Sheridan Cty. Sch. Dist. No. 2*, 523 F.3d 1219 (10th Cir. 2008), and *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1988).

In *Milligan-Hitt*, the Court applied the Supreme Court's plurality opinion in *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) and its subsequent decision in *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989), which were addressed in the Sheriff's answer brief (pp. 14-15.) In a case involving a school board's decision not to hire certain administrators, this Court emphasized the legal nature of the inquiry as to who exercises final policymaking authority. 523 F.3d at 1227-27. The Court affirmed "the logic of *Monell*" is that "municipalities are responsible only for their own misdeeds[.]" *Id.* at 1225. The Court stated: "[b]y ensuring that liability follows *legal* authority, *Jett* provides incentives for cities to give final authority only to responsible officials." *Id.* (emphasis in original)

As argued by Sheriff Reigenborn, Adams County through its Board did not give any legal authority to the Sheriff. The Sheriff received his legal authority from the State of Colorado and the electorate. (Op. Br. at 27-29.) That distinction was relied upon by the Seventh Circuit in *Thompson.* There, in a Section 1983 suit based on an assault against an inmate at a county jail, the Seventh Circuit held:

> The problem with [the plaintiff's arguments] is that Cook County itself has no authority to train the employees involved or to set the policies under which they operate. The Cook County Jail, and the Cook County Department of Corrections, are solely under the supervision and control of the Sheriff of Cook County. The Sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners. Consequently, Thompson cannot maintain a section 1983

---

BOARD OF COUNTY COMMISSIONERS

| Eva J. Henry | Charles "Chaz" Tedesco | Emma Pinter | Steve J. O'Dorisio | Lynn E. Baca |
|---|---|---|---|---|
| DISTRICT 1 | DISTRICT 2 | DISTRICT 3 | DISTRICT 4 | DISTRICT 5 |

action against Cook County for "practices, policies, or actions" which are unrelated to that entity.

882 F.2d at 1187 (citations omitted). The Court, therefore, affirmed summary judgment in favor of the County.

Respectfully submitted,

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Parkway
Suite C5000B
Brighton, CO 80601
(720) 523-6116
msink@adcogov.org

Counsel for Defendant-Appellant

## Certificate of Compliance

I hereby certify that the body of this letter contains 349 words and therefore complies with the type-volume limitations stated in Fed. R. App. P. 28(j).

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Parkway
Suite C5000B
Brighton, CO 80601
(720) 523-6116
msink@adcogov.org

Counsel for Defendant-Appellant