**RM | RATHOD | MOHAMEDBHAI LLC**
ATTORNEYS AT LAW

August 29, 2023

Christopher M. Wolpert, Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

  Re: *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434

Dear Mr. Wolpert:

  This letter responds to Defendants' August 24, 2023, citation of *Milligan-Hitt v. Bd. of Trs. of Sheridan Cty. Sch. Dist. No. 2*, 523 F.3d 1219 (10th Cir. 2008) and *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989). Defendants' reliance on these cases is misplaced.

  *Milligan-Hitt* simply reaffirmed that "[t]he judge, not the jury, should determine who exercises final policymaking authority," and is inapposite here. 523 F.3d at 1224.

  *Thompson* is not the law in this Circuit and is wrong. As set forth in Plaintiffs' response brief (at 42-51), the Adams County sheriff is a county policymaker. Whether the sheriff 'answers to' the board is not dispositive, because "the 'Board' is not the 'County.'" *Owens v. Rush*, 636 F.2d 283, 286 (10th Cir. 1980). Policymaking authority may be "spread" by state law "among various officers and official bodies." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

  In any event, even if *Thompson* were the law in this Circuit, it would not support reversal. As the Seventh Circuit has made clear, *Thompson* does not stand for the proposition that *Monell* liability is unavailable for a county sheriff's unconstitutional acts. *See Ryan v. Cty. of DuPage*, 45 F.3d 1090, 1091-92 (7th Cir. 1995). Nor does it stand for the proposition that a county

Re: *Coates, et al. v. Reigenborn et al.*, Nos. 22-1339 & 22-1434
August 29, 2023
Page 2

sheriff is an arm of the state entitled to Eleventh Amendment immunity. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 (7th Cir. 2000) (rejecting contention that "by default [sheriffs] must be agents of the State"). Rather, the Seventh Circuit has construed *Thompson* to mean only that a county sheriff is the final policymaker for "the county sheriff's department rather than the county board." *See Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998).

By naming the sheriff in his official capacity, Plaintiffs adequately pleaded a *Monell* claim against the municipality for which the sheriff acts—whether that municipality is understood to be Adams County or the Adams County Sheriff's Office. Accordingly, regardless of *Thompson*, the district court correctly denied summary judgment on Plaintiffs' official-capacity claims, and its decision should be affirmed.

Respectfully submitted,

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod | Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
fbg@rmlawyers.com

Counsel for Plaintiffs-Appellees

## Certificate of Compliance

I certify that the body of this letter contains 348 words and, therefore, complies with the type-volume limitations stated in Fed. R. App. P. 28(j).

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
