Case Nos. 22-1339, 22-1434

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

Timothy James Coates, et al.,

      Plaintiffs-Appellees
      and Cross-Appellants,

v.

Richard A. Reigenborn, *in his individual capacity*,

and

Gene Claps, *in his official capacity as Adams County Sheriff*,

      Defendants-Appellants
      and Cross-Appellees.

On Appeal from the United States District Court for the District of Colorado

The Honorable Scott T. Varholak, Magistrate Judge

District of Colorado No. 20-cv-1936-STV

## PLAINTIFFS-APPELLEES' REPLY BRIEF

Felipe Bohnet-Gomez
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
fbg@rmlawyers.com

# TABLE OF CONTENTS

Table of Authorities ............................................................................ ii

Reply Argument ................................................................................1

I.    If this Court has Jurisdiction over Defendants' appeal, then it
      also has jurisdiction over Plaintiffs' cross appeal. ...........................3

II.   The district court erroneously granted summary judgment as a
      result of its failure to construe the genuinely disputed factual
      question of whether Plaintiffs' jobs required political loyalty in
      Plaintiffs' favor. ..........................................................................6

III.  Defendants' waiver argument is meritless. ......................................11

      A.   Plaintiffs' claim was fully preserved and Defendants'
           argument to the contrary is meritless. ......................................11

      B.   Even if the claim was not preserved, Plaintiffs prevail
           under the plain error standard. ................................................14

Conclusion ....................................................................................17

i

## TABLE OF AUTHORITIES

**Cases:**

*Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007) ............................................14

*Cox v. Glanz*, 800 F.3d 1231 (10th Cir. 2015)..........................................................5

*Dickeson v. Quarberg*, 844 F.2d 1435 (10th Cir. 1988) ................................. 10, 11

*Elder v. Holloway*, 510 U.S. 510 (1994) ....................................................................13

*Elrod v. Burns*, 427 U.S. 347 (1976)....................................................................1, 11

*Jantzen v. Hawkins*, 188 F.3d 1247 (10th Cir. 1999) ............................................10

*Maestas v. Lujan*, 351 F.3d 1001 (10th Cir. 2003) ..................................................7

*Perkins v. Silver Mt. Sports Club & Spa, Ltd. Liab. Co.*,
   557 F.3d 1141 (10th Cir. 2009) ................................................................................16

*Poindexter v. Bd. of Cty. Comm'rs*, 548 F.3d 916 (10th Cir. 2008) .......................8

*Richison v. Ernest Grp., Inc.*, 634 F.3d 1123 (10th Cir. 2011) ..................... 12, 15

*Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018).....................................16

*Scott v. Harris*, 550 U.S. 372 (2007)....................................................................7, 8

*Snyder v. City of Moab*, 354 F.3d 1179 (10th Cir. 2003) .............................. 1, 8, 9

*Stonecipher v. Valles*, 759 F.3d 1134 (10th Cir. 2014) ...........................................6

*Swint v. Chambers Cty. Comm'n*, 514 U.S. 35 (1995).............................................5

*Tesone v. Empire Mktg. Strategies*, 942 F.3d 979 (10th Cir. 2019)....................13

*Tolan v. Cotton*, 572 U.S. 650 (2014) ............................................................. 6, 7, 8

*United States v. Bader*, 678 F.3d 858 (10th Cir. 2012) ........................................15

*United States v. Yurek*, 925 F.3d 423 (10th Cir. 2019) .........................................14

*Williams v. Hansen*, 5 F.4th 1129 (10th Cir. 2021) .............................................14

**Other Authorities:**

Alexander Reinert, *Qualified Immunity's Flawed Foundation*,
  111 Cal. L. Rev. 201 (2023)................................................................................17

**REPLY ARGUMENT**

The district court granted summary judgment to Sheriff Reigenborn in his individual capacity on qualified immunity grounds, reasoning that no legal precedent clearly established whether the Plaintiffs' positions required political loyalty, and thus that their First Amendment rights were not clearly established. This was legal error because the right claimed by Plaintiffs was that their First Amendment rights were violated when they were terminated from positions that do not require political loyalty—a legal proposition that is undisputedly clearly established. *See, e.g., Elrod v. Burns*, 427 U.S. 347 (1976). Whether Plaintiffs' particular positions required political loyalty is not a question of law that must be 'clearly established' for purposes of the qualified immunity analysis, but a question of fact that must be construed in Plaintiffs' favor at summary judgment. *See Snyder v. City of Moab*, 354 F.3d 1179, 1185 (10th Cir. 2003). And because there is a genuine dispute of material fact on that point, summary judgment should have been denied.

Defendants do not dispute that, under binding Supreme Court precedent, genuine disputes of fact must be construed in a plaintiff's favor at the outset of the qualified immunity inquiry on summary judgment. Defendants also do not contest that Plaintiffs' First Amendment rights were

clearly established if the question of whether Plaintiffs' jobs required political loyalty is a genuinely disputed fact question. Instead, to avoid the obvious conclusion that the district court erroneously granted Reigenborn qualified immunity, Defendants baldly assert that the question of whether Plaintiffs' jobs required political loyalty is a "legal conclusion" that must be "clearly established" to avoid qualified immunity, rather than a fact question that must be construed in Plaintiffs' favor. Defendants are wrong. This Court's binding precedent unambiguously holds the question of whether a particular job requires political loyalty to be a fact question. And because, as the district court itself determined, a reasonable factfinder could find that Plaintiffs' jobs did not require political loyalty, the district court should have denied summary judgment on qualified immunity grounds.

Defendants' waiver argument also lacks merit. Not only did Plaintiffs clearly preserve the issue of whether their First Amendment rights were clearly established, the court itself passed on it, thereby permitting appellate review. And in any case, when the district court's qualified immunity decision is examined in light of well-settled precedent, the district court's error is plain, prejudicial, and warrants correction on appeal.

I.    **If this Court has Jurisdiction over Defendants' appeal, then it also has jurisdiction over Plaintiffs' cross-appeal.**

Defendants contest jurisdiction over Plaintiffs' cross-appeal on the grounds that Defendants' appeal "is from a *denial* of qualified immunity" while Plaintiffs' cross-appeal "is from a *grant* of qualified immunity." Answer-Reply Br. 38 (emphasis in original). But the district court's order only contains one qualified immunity decision: the qualified immunity decision that is the basis of Plaintiffs' cross-appeal. Consequently, if this Court determines that the district court denied qualified immunity, as Defendants urge, then the entirety of the district court's qualified immunity decision is appealable under the collateral order doctrine.

The denial-of-qualified-immunity jurisdictional theory undergirding Defendants' appeal lacks both coherence and merit. But even under Defendants' own framing of their theory, the district court's decision was supposedly an "effective denial of qualified immunity" because "the district court should have extended the effect of its [qualified immunity] ruling to dismiss all claims regardless of named capacity." Answer-Reply Br. 39. According to Defendants, the district court's decision therefore only "partially grants" qualified immunity. Answer-Reply Br. 40. In other words,

3

Defendants assert the district court's qualified immunity decision is a "denial" of qualified immunity because the district court didn't go far enough, and only dismissed Plaintiffs' claims against Reigenborn in his individual capacity.

If the Court agrees with Defendants' jurisdictional theory, there is no coherent basis to distinguish, for purposes of the collateral order doctrine, between the portion of the district court's order designated by Defendants' notice of appeal, and the portion of the district court's order designated by Plaintiffs' cross-appeal. Because Defendants expressly sought qualified immunity only for Plaintiffs' individual-capacity claims, the district court's summary judgment order does not contain any qualified immunity analysis or decision with respect to Plaintiffs' official-capacity claims. If the district court erred, as Defendants contend, by failing to *sua sponte* "extend" qualified immunity Plaintiffs' official-capacity claims, any such alleged error is attributable to the only portion of the order that addresses any qualified immunity question at all—the portion of the district court's order granting qualified immunity to Reigenborn in his individual capacity. Thus, if this Court agrees that the district court's so-called "qualified immunity" decision to deny summary judgment on the municipal liability claims is immediately

appealable under the collateral order doctrine, then the entirety of the qualified immunity decision is subject to review.

In any case, if this Court accepts Defendants' unprecedented jurisdictional theory, then the exercise of pendent appellate jurisdiction over Plaintiffs' cross-appeal is appropriate. First, any review of the extent of the district court's qualified immunity decision—and whether, as Defendant urges, it should have extended to Plaintiffs' official-capacity claims—is inextricably intertwined with the district court's decision to grant qualified immunity to Reigenborn in his individual capacity. *See Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015) (explaining that pendent appellate jurisdiction is appropriate where the claims are "inextricably intertwined"). Second, and more fundamentally, it makes no sense to consider whether "the district court should have extended its [qualified immunity] ruling," Answer-Reply Br. 39, in isolation, without considering the qualified immunity ruling itself. Doing so would risk extending and further entrenching an erroneous decision. Review of the district court's qualified immunity decision is therefore "necessary to ensure meaningful review" of any purported failure to 'extend' such immunity. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995).

II.   **The district court erroneously granted summary judgment as a result of its failure to construe the genuinely disputed factual question of whether Plaintiffs' jobs required political loyalty in Plaintiffs' favor.**

The legal standard the district court was required to apply in evaluating Reigenborn's qualified immunity defense is well-established: "At the summary judgment stage in a qualified immunity case, the court . . . must resolve genuine disputes of material fact in favor of the non-moving party." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). The Supreme Court has explicitly emphasized "the importance of drawing inferences in favor of the nonmovant, even when, as here, a court decides only the clearly-established prong of the [qualified immunity] standard." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Thus, in conducting the qualified immunity inquiry, "courts must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions." *Id*. But that is precisely what occurred in this case: After determining that the question of whether Plaintiffs' jobs required political loyalty was genuinely disputed, the district court was then required to assume, for purposes of the qualified immunity analysis, that Plaintiffs' jobs *didn't* require political loyalty. Instead, the district court 'imported' the genuinely disputed factual question of whether

Plaintiffs' jobs required political loyalty into the qualified immunity analysis on summary judgement. This was error, because "a contested issue of fact that is material to the qualified immunity analysis gives rise to a jury question." *Maestas v. Lujan*, 351 F.3d 1001, 1008 (10th Cir. 2003).

Defendants' contention that Plaintiffs' argument supposedly relies on "a critical shift in the governing legal standard," Answer-Reply Br. 43, is itself a recognition that the district court did not apply the standard articulated by *Tolan*; *Scott v. Harris*, 550 U.S. 372, 378 (2007), and many others. Indeed, Defendants don't bother to explain what the correct standard is or how the district court allegedly applied it. Instead, Defendants simply assert that the genuinely disputed question of whether Plaintiffs' jobs required political loyalty was "a legal conclusion," and that the district court therefore wasn't required to resolve it in Plaintiffs' favor before embarking on its qualified immunity analysis. Answer-Reply Br. 46. This argument has no merit whatsoever.

To start, Defendants' contention that the question of "[w]hether political association is an appropriate requirement for a position" is a legal conclusion not subject to the summary judgment standard is directly contrary to the law of this Court, which has held it "to be a question of fact."

*Snyder*, 354 F.3d at 1185; *Poindexter v. Bd. of Cty. Comm'rs*, 548 F.3d 916, 919 (10th Cir. 2008) ("This Court has held that this determination is a question of fact."). Indeed, the district court correctly recognized that the issue is "a question of fact." XI:207. Of course, like any other fact question, it "may be resolved as a matter of law" on summary judgment "if the facts as to the nature of the duties of the position are undisputed." *Snyder*, 354 F.3d at 1185.

But the district court (correctly) did not resolve the political loyalty question as a matter of law on summary judgment. It instead evaluated the evidence and concluded that "there is a genuine dispute of material fact as to whether Plaintiffs' positions required political loyalty." XI:207. Under clear and controlling precedent, the district court was required to resolve this dispute in Plaintiffs' favor for purposes of the qualified immunity analysis—including the clearly-established prong. *Scott*, 550 U.S. at 378; *Tolan*, 572 U.S. at 657. In failing to accept, for purposes of the qualified immunity analysis, that Plaintiffs' jobs *didn't* require political loyalty, the district court "neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party," and erroneously "import[ed] genuinely disputed factual propositions" into its qualified immunity analysis. *Tolan* 572 U.S. at

660, 657. Under the correct application of clear Supreme Court precedent, the result is clear: Reigenborn violated clearly established law when he discharged Plaintiffs for supporting his political opponent from positions that didn't require political loyalty.

In Defendants' view, however, a plaintiff could only overcome qualified immunity by pointing to a prior case where this Court or the Supreme Court held, as a matter of law, that a particular position did not require political loyalty. But requiring Plaintiffs to produce "legal precedent," Answer-Reply Br. 48, establishing that political loyalty is not required for a particular job is incompatible with the factual nature of the question, which is ordinarily reserved for the factfinder. *Snyder*, 354 F.3d at 1185. It is incompatible with the qualified immunity standard at summary judgment, which requires fact disputes to be resolved in Plaintiffs' favor. And it is incompatible with the district court's conclusion that a reasonable factfinder could conclude that Plaintiffs' positions did not require political loyalty.

Defendants' proposed rule, moreover, is unworkable. Because the question of whether a particular position requires political loyalty is a factual question for a jury, the question is rarely addressed in published precedent.

9

Here, for example, the district court concluded that genuine disputes of material fact precluded summary judgment on that question. But that was not a decision in Plaintiffs' favor on the merits. It simply meant that Plaintiffs' contention that their positions did *not* require political loyalty had enough support in the record that a reasonable factfinder could find in their favor. Even if affirmed on appeal, this kind of interlocutory summary judgment decision would not clearly establish anything about whether Plaintiffs' positions required political loyalty. For example, this Court in *Jantzen* was confronted with the question in a summary judgment posture and concluded only "that there exists a genuine dispute of material fact over the appropriateness of political loyalty as a job requirement for deputy sheriffs." *Jantzen v. Hawkins*, 188 F.3d 1247, 1256 (10th Cir. 1999).

Under Defendants' proposed rule, cases like *Jantzen* would not suffice. Plaintiffs would effectively have to identify cases where a plaintiff had sought and obtained summary judgment in the plaintiff's favor, on a defendant's fact defense. Such cases are exceedingly rare, and it would be inordinately difficult for the law to be 'clearly established' under such constraints. Indeed, the only such case in this circuit appears to be *Dickeson v. Quarberg*, 844 F.2d 1435, 1443 (10th Cir. 1988), where this Court held that

10

a head jailer and special deputy sheriff were not positions requiring political loyalty. But *Dickeson* is the exception to the rule. Not only did the Court grant summary judgment to the plaintiff *sua sponte*, but the defendant apparently did not raise an immunity defense. *Id.* at 1444 n.8. Accordingly, whether a particular job does or doesn't require political loyalty is fundamentally a question of fact reserved for the jury, and not a question of law that can be clearly established.

## III.   Defendants' waiver argument is meritless.

Defendants' argument that Plaintiffs waived their claim that their First Amendment rights were clearly established is without merit because the issue was both preserved and passed on by the district court. In any event, Plaintiffs can prevail under the plain-error standard that applies to forfeited claims. Under either standard, reversal is warranted.

### A.   Plaintiffs' claim was fully preserved and Defendants' argument to the contrary is meritless.

Plaintiffs clearly preserved the issue for appeal. Plaintiffs opposed qualified immunity and argued that their "right to political affiliation [was] clearly established." VII:39. They noted that *Elrod* itself established that even a "Chief Deputy . . . of the Sheriff's Office" could enjoy a First Amendment

right to political affiliation, and that the Tenth Circuit had also applied this right in the specific context of sheriff's deputies who are fired due to their support of another candidate for sheriff. VII:39-40. Plaintiffs also extensively argued that their job positions did not require political loyalty, and that "a reasonable jury could conclude that Plaintiffs' positions did not require political affiliation." VII:28-33, 31. Moreover, Plaintiffs' argument that it was clearly established that the First Amendment protected them from politically-motivated discharge explicitly incorporated and connected the preceding argument on the political loyalty question to the qualified immunity analysis. VII:39 ("As discussed above . . ."). Thus, Defendants' assertion that Plaintiffs "did not make this argument below" and that it is "waived" lacks merit—on the contrary, the claim was fully preserved. Answer-Reply Br. 43-44.

But even if this Court concludes that it was not preserved, waiver does not apply here because the argument was not "intentionally relinquished or abandoned in the district court," nor do Defendants argue as much. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011). At most, the claim was forfeited. And forfeiture doesn't apply "when the district court explicitly considers and resolves an issue of law on the merits." *Tesone v.*

*Empire Mktg. Strategies*, 942 F.3d 979, 991 (10th Cir. 2019). Here, the district court obviously considered and resolved the legal question of whether Plaintiffs' First Amendment rights were clearly established for qualified immunity purposes. It ultimately concluded that Plaintiffs' rights were not clearly established, because no case clearly established that Plaintiffs' positions did not require political loyalty. Plaintiffs, therefore, "may challenge that ruling on appeal on the ground addressed by the district court even if [they] failed to raise the issue in district court." *Id.* at 991-92 (citation omitted). "This is because appellate courts can reach issues that were either pressed by the appellant before, or passed upon by, the lower court." *Id.* at 992 (citation and internal quotation marks omitted). Consequently, because the clearly-established issue was passed upon by the district court, this Court can review it. *Id.* ("A court passes upon an issue when it applies the relevant law to the relevant facts.") (citation and internal quotation marks omitted).

Finally, the Supreme Court has held that "appellate review of qualified immunity dispositions is to be conducted in light of all relevant precedents, not simply those cited to, or discovered by, the district court." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). Accordingly, this Court has rejected the contention that its review of a qualified immunity decision is "limited to the

13

opinions cited by [a plaintiff]" in district court. *Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021). Rather, in reviewing a qualified immunity decision this court "conduct[s] de novo review of a legal issue, which requires consideration of all relevant case law." *Id.*; *see also Cortez v. McCauley*, 478 F.3d 1108, 1122 n.19 (10th Cir. 2007) (en banc) ("While it is true that Plaintiffs should cite to what constitutes clearly established law, we are not restricted to the cases cited by them.").

Accordingly, this claim was preserved and may be reviewed by this Court under the de novo standard of review.

> **B.    Even if the claim was not preserved, Plaintiffs prevail under the plain error standard.**

To the extent that Defendants' "waiver" argument can be construed as a forfeiture argument, it still fails because the district court's grant of qualified immunity was plainly erroneous.[1] That is, the district court's decision was "(1) error, (2) that is plain, which (3) affects substantial rights,

---

[1] Because Plaintiffs' prior brief treated this claim as preserved, they have not "lost [their] opportunity to urge plain error" in the reply brief. *United States v. Yurek*, 925 F.3d 423, 445 (10th Cir. 2019). Defendants, moreover, have not argued that Plaintiffs have waived the right to plain-error review by failing to brief it in their opening brief, and thus have waived any waiver argument on that ground.

and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Richison*, 634 F.3d at 1128.

*First*, as set forth in Plaintiffs' opening brief and herein, the district court's decision was error. The question of whether Plaintiffs' jobs required political loyalty was a fact question that was genuinely disputed, as the district court correctly determined. Consequently, the district court was required to resolve it in Plaintiffs' favor for purposes of the qualified immunity analysis. And Defendants do not even contest that Plaintiffs' First Amendment rights are clearly established when the political loyalty question is—as it must be—resolved in Plaintiffs' favor on summary judgment.

*Second*, the error is plain because it is "clear or obvious under current law." *United States v. Bader*, 678 F.3d 858, 868 (10th Cir. 2012). It was well-settled under this Court's prior decisions that the question of whether a particular job position requires political loyalty was one of fact. And controlling Supreme Court precedent required the district court to construe all genuinely-disputed fact questions in Plaintiffs' favor for purposes of deciding the clearly-established prong of the qualified immunity question. This error is particularly clear since the district court explicitly determined

that it was genuinely disputed whether Plaintiffs' jobs required political loyalty.

*Third*, the error affected Plaintiffs' substantial rights, because the district court's qualified immunity ruling was dispositive of their individual-capacity claims against Reigenborn. *See Perkins v. Silver Mt. Sports Club & Spa, Ltd. Liab. Co.*, 557 F.3d 1141, 1151 (10th Cir. 2009) (indicating that substantial rights are affected if the error "affected the outcome of the proceedings").

*Fourth*, because the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," this Court "should exercise its discretion to correct" it. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018). This standard is not meant to be "unduly restrictive." *Id.* By granting Reigenborn qualified immunity even though a reasonable factfinder could find that Plaintiffs' job positions did not require political loyalty, the district court undermined "the fairness, integrity, or public reputation of judicial proceedings" in a manner that warrants correction on appeal. *Id.* The district court's grant of qualified immunity, despite clearly established law, prevents Plaintiffs from seeking redress from Reigenborn for his unlawful conduct, and thus contravenes Congress's remedial purpose in enacting Section 1983.

16

And because the qualified immunity doctrine itself has been seriously called into question, the correction of erroneous grants of qualified immunity that result from the misapplication of the governing legal standard is particularly important for the fairness, integrity, or public reputation of judicial proceedings. *See, e.g.*, Alexander Reinert, *Qualified Immunity's Flawed Foundation*, 111 CAL. L. REV. 201 (2023) (showing the premises of the doctrine are fundamentally flawed).

## CONCLUSION

For the forgoing reasons, if this Court has jurisdiction over Defendants' appeal it should reverse the district court's grant of qualified immunity and permit Plaintiffs' individual-capacity claims against Reigenborn to proceed to trial.

Respectfully submitted,


*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400
fbg@rmlawyers.com


*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(g)(1), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2)(C) because it is proportionally spaced and contains 3,361 words. I relied on my word processor to obtain the count, and this information is true and correct to the best of my knowledge.

*/s/ Felipe Bohnet-Gomez*
Felipe Bohnet-Gomez